SALT LAKE COMMUNITY ACTION
PROGRAM, INC., Plaintiff,

v.

Louis SULLIVAN, M.D.,
et al., Defendants.

Civ. A. No. 92–0054.

United States District Court,
District of Columbia.

Feb. 13, 1992.

James L. Feldesman, Susan D. Lauscher, Washington, D.C., for plaintiff.

W. Mark Nebeker, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Plaintiff, a private, non-profit Head Start Program incorporated in Utah in 1965, challenges by motion for preliminary injunction a decision of the Department of Health and Human Services ("HHS") to disallow certain costs associated with two buildings plaintiff obtained to house its operations.

HHS disbursed funds to plaintiff to cover the costs associated with the buildings, but subsequently determined following an audit that the costs were not allowable. Thereafter, HHS sought to have plaintiff return the overpayment and disallowed the costs for the future. Plaintiff contends that the regulation requiring disallowance of the payment is unconstitutional, contrary to the implementing statute, and a violation of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* Plaintiff thus seeks to enjoin any past or future withholding of the disputed costs. Alternatively, plaintiff requests a remand to the agency for a fuller hearing on the issues than was accorded by the HHS Departmental Appeals Board. The preliminary injunction has been fully briefed and argued. It now appears that certain material facts are not in dispute, and a decision on the merits is accordingly appropriate. The Court gave notice to the parties that it might resolve the case on the merits pursuant to Federal Rule of Civil Procedure 65.[1] For reasons set forth below, plaintiff is entitled to a limited permanent injunction and the complaint is dismissed.

### Background

Plaintiff has been operating as a Head Start program for many years, and has been described by HHS as an excellent program. When buildings plaintiff had been renting became unsuitable or otherwise unavailable for continued occupancy by the program, and no other adequate rentals could be located, plaintiff decided that a purchase of two buildings would provide better premises at a better price. Applicable regulations promulgated by the Office of Management and Budget as circu-

---

1. Counsel for the United States has urged the Court not to decide the case on its merits because he was not alerted to plaintiff's argument concerning the older version of 42 U.S.C. § 9839 until just prior to the hearing, and thus was not able fully to address the issue. The questions relating to the applicability of that statute are not relevant to the Court's decision on the merits.

lar A–122, *see* Complaint Ex. 2, and adopted by HHS, *see* 45 C.F.R. § 74.174(a), however, prohibited plaintiff from charging to its federal grant the interest on a mortgage for property, even if the total payments under the purchase contract would be less than the comparable rent payments. To avoid the constraints of the regulation, plaintiff transferred the properties to a separate entity for a nominal sum and rented the properties back.

When an HHS audit found that the leaseback arrangement was a "related party transaction" prohibited by A–122, the Regional Office of Human Development Services, HHS, disallowed part of the rental expenses—namely, the difference between the amount plaintiff had paid in "rental" costs and the amount that represented depreciation during the relevant period. Plaintiff timely appealed that decision to the HHS Departmental Appeals Board ("DAB"), and the DAB upheld the disallowance as a proper agency response to what the DAB found was a less-than-arms-length transaction. Subsequently, HHS also declined to grant plaintiff a discretionary waiver of A–122.

### The Merits

The only question this Court needs reach is whether or not plaintiff was afforded the process due it under the statute and regulations. 42 U.S.C. § 9841(a)(3) provides that Head Start "financial assistance shall not be terminated or reduced ... unless the recipient has been afforded reasonable notice and opportunity for a full and fair hearing." 45 C.F.R. § 1303.33 implements the statute by providing that HHS may "terminate financial assistance to a grantee in whole or in part for failure to comply with any requirement ...," but the termination must be "pursuant to reasonable notice and the opportunity for a full and fair hearing." 45 C.F.R. § 1303.33(a). The regulation then proceeds to detail what type of hearing is required, and provides, for example, that the hearing must be conducted by an administrative law judge.

It is undisputed that HHS did not afford plaintiff a hearing under this regulation. Rather, HHS appears to have relied on 45 C.F.R. § 16 App. A(C)(a)(1), which gives the DAB jurisdiction over decisions involving a "disallowance or other determination denying payment of an amount claimed under an award, or requiring return or set-off of funds already received." The regulation relied on by HHS, however, is not applicable. 45 C.F.R. § 16 App. A(F) specifically precludes DAB jurisdiction "if some other hearing process is established pursuant to statute." In the case of Head Start programs, another process is established by statute, and HHS should have proceeded according to that statute and the relevant regulations promulgated pursuant to the statute.

This Circuit has held, based on an identical statutory provision, that a partial recovery of funds already paid by an agency in an analogous situation constitutes a termination and is thus subject to the procedural requirements applicable to terminations set forth in the regulations. *See East Arkansas Legal Services v. Legal Services Corp.,* 742 F.2d 1472, 1477–78 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985).[2] Here, HHS has not complied with the statute or HHS's own regulations. As a result, the agency may not proceed with any attempts to collect or offset money relating to the buildings unless and until it has accorded plaintiff the requisite hearing.

---

**2.** The Court makes no finding with respect to the question of whether or not a mere prospective disallowance would constitute a termination. Rather, the Court's holding is limited to

the present facts, in which money had already been paid out and was subject to recovery—the facts of *East Arkansas.* *See* 742 F.2d at 1476–77.